**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

---

AFFINITY CARE OF VIRGINIA LLC,

    *Plaintiff*,

    v.

ROBERT F. KENNEDY, JR.,
**Secretary of the United States**
**Department of Health &**
**Human Services**,

    *Defendant.*

**Case No. 4:26-cv-60-MSD-RJK**

---

## ANSWER

Defendant, Robert F. Kennedy, Jr., in his official capacity as the Secretary of the United States Department of Health & Human Services, through undersigned counsel, respectfully submits this Answer to Plaintiff's Complaint (Dkt. No. 1) in the above-captioned action as follows. Responses in numbered paragraphs below correspond to the allegations contained in the numbered paragraphs of Plaintiff's Complaint. Defendant denies every allegation of the Complaint not expressly admitted in this Answer. The headings included in Plaintiff's Complaint do not require a response. However, to the extent a response may be deemed to be required, any allegations contained in such headings are denied.

The opening unnumbered paragraph of the Complaint is Plaintiff's statement of the nature of its civil action, to which no answer is required; to the extent an answer may be deemed to be required, Defendant denies the allegations contained in this paragraph.

## THE PARTIES

1.     Defendant lacks sufficient knowledge or information sufficient as to form a belief

1

about the truth of the allegations contained in paragraph 1, and as such, the allegations are effectively denied.

2. Defendant admits the allegations contained in paragraph 2.

3. Defendant admits that Robert F. Kennedy, Jr. is the Secretary of the United States Department of Health & Human Services. The remaining allegations contained in paragraph 3 constitute characterizations of the action or conclusions of law, to which no response is required.

### JURISDICTION AND VENUE

4. The allegations contained in paragraph 4 constitute legal conclusions to which no response is required.

5. The allegations contained in paragraph 5 constitute legal conclusions to which no response is required. To the extent a response may be deemed to be required, the allegations regarding Plaintiff's prior requests for review constitute a characterization of the administrative record in this case.[1] The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 5 are inconsistent with the administrative record, Defendant denies them.

6. The allegations contained in paragraph 6 constitute legal conclusions to which no response is required. To the extent a response may be deemed to be required, the allegations regarding the dates of Plaintiff's request for escalation and the Medicare Appeals Council's order constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 6 are inconsistent with the administrative record, Defendant denies them. Defendant

---

[1] Defendant is in the process of finalizing the administrative record and intends to file a copy of the administrative record on or before August 12, 2026.

2

does not contest jurisdiction.

7.      The allegations contained in paragraph 7 constitute a conclusion of law to which no response is required. To the extent an answer may be deemed to be required, Defendant denies except to admit that this Court has jurisdiction under 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1395ff(b). Defendant does not contest jurisdiction or venue. Defendant respectfully refers the Court to the Medicare statute and regulations for a complete and accurate statement of their contents.

8.      The allegations contained in paragraph 8 constitute a conclusion of law to which no response is required. To the extent an answer may be deemed to be required, Defendant admits them.

9.      The allegations contained in paragraph 9 constitute a conclusion of law to which no response is required. Defendant does not contest jurisdiction.

10.     Defendant lacks sufficient knowledge or information sufficient as to form a belief about the truth of the allegations contained in paragraph 10, but Defendant does not contest venue.

11.     The allegations contained in paragraph 11 constitute a conclusion of law to which no response is required. To the extent an answer may be deemed to be required, paragraph 11 is denied, except to admit that the Court has jurisdiction under 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1395ff(b). Defendant does not contest that Plaintiff's complaint meets the minimum amount in controversy.

## STATUTORY AND REGULATORY BACKGROUND
### Overview of the Medicare Hospice Benefit

12.     The allegations contained in paragraph 12 constitute conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendant admits in part and denies in parts the allegations contained in the first sentence. Defendant admits that the

3

Medicare Hospice Benefit is a benefit under Medicare Part A, is administered by CMS on behalf of HHS, and that Medicare pays for covered hospice services in accordance with applicable statutes and regulations. Defendant denies the allegation that Medicare Part A is a "100% federally subsidized health insurance program." Defendant admits the allegations contained in the second sentence, and denies the allegations contained in the third sentence. Answering further, Defendant respectfully refers the Court to the relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Part 418 for a full and accurate statement of the law.

13.    The allegations contained in paragraph 13 constitute conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendant denies them. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Part 418 for a full and accurate statement of the law.

14.    The allegations contained in paragraph 14 constitute conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendant denies the allegations in sentence 1, admits that the quoted language in sentences 1, 2, and 3 are accurate excerpts from the cited authority, denies the allegations in sentence 3, and as to sentence 4, admits that 42 C.F.R. § 418.28(a) provides that "[a]n individual or representative may revoke the individual's election of hospice care at any time during an election period." Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Part 418 for a full and accurate statement of the law.

15.    The allegations contained in paragraph 15 constitute conclusions of law to which

no response is required. To the extent a response may be deemed to be required, Defendant admits that the quoted language contains an accurate excerpt from the cited authority and denies any remaining allegations contained in paragraph 15. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Part 418 for a full and accurate statement of the law.

16.    The allegations contained in paragraph 16 constitute conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendant denies sentences 1 and 2, admits that the quoted language in sentence 3 contains an accurate excerpt from the cited authority, admits sentence 4, and denies sentence 5. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd), 1395f(a), and 1395y and the associated regulations, including 42 C.F.R. Part 418 for a full and accurate statement of the law.

17.    The allegations contained in paragraph 17 constitute conclusions of law and characterization of the Federal Register to which no response is required. To the extent a response may be deemed to be required, Defendant admits only that the quoted language in sentences 1, 2, and 3 are accurate excerpts from the cited authority, and denies any remaining allegations contained in paragraph 17. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Part 418 and the Federal Register for a full and accurate statement of the law.

18.    The allegations contained in paragraph 18 constitute conclusions of law and characterization of the Federal Register to which no response is required. To the extent a response

may be deemed to be required, Defendant admits sentence 1, admits that the quoted language in sentence 2 contains an accurate excerpt from the cited authority, denies sentence 3, and admits sentence 4. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Part 418 and the Federal Register for a full and accurate statement of the law.

19.     The allegations contained in paragraph 19 constitute conclusions of law and characterization of the Federal Register to which no response is required. To the extent a response may be deemed to be required, Defendant denies sentence 1, admits that the quoted language in sentences 2, 3, and 4 are accurate excerpts from the cited authority, and denies any remaining allegations contained in paragraph 19. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Part 418 and the Federal Register for a full and accurate statement of the law.

20.     The allegations contained in paragraph 20 constitute conclusions of law and characterization of the Federal Register to which no response is required. To the extent a response may be deemed to be required, Defendant admits that the quoted language in sentence 1 contains an accurate excerpt from the cited authority. Defendant denies sentence 2. Defendant admits that the quoted language in sentences 3 and 4 are accurate excerpts from the cited sources and denies any remaining allegations contained in paragraph 20. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Part 418 and the Federal Register for a full and accurate statement of the law.

21.    The allegations contained in paragraph 21 constitute conclusions of law and characterization of the Federal Register to which no response is required. To the extent a response may be deemed to be required, Defendant denies sentences 1 and 2, admits that the quoted language in sentence 3 contains an accurate excerpt from the cited authority, and denies any remaining allegations contained in paragraph 21. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Part 418 and the Federal Register for a full and accurate statement of the law.

22.    The allegations contained in paragraph 22 constitute conclusions of law and characterization of the Federal Register to which no response is required. To the extent a response may be deemed to be required, Defendant denies sentence 1, admits sentence 2, admits that the quoted language in sentence 3 contains an accurate excerpt from the cited authority, and denies any remaining allegations contained in paragraph 22. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Part 418 and the Federal Register for a full and accurate statement of the law.

23.    The allegations contained in paragraph 23 constitute conclusions of law and characterization of the Federal Register to which no response is required. To the extent a response may be deemed to be required, Defendant admits that the quoted language in sentence 1 contains an accurate excerpt from the cited authority, denies sentences 2 and 3, and denies any remaining allegations contained in paragraph 23. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Part 418 and the Federal Register

for a full and accurate statement of the law.

24.     The allegations contained in paragraph 24 constitute conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendant admits that the quoted language in sentence 2 contains an accurate excerpt from the cited authority, admits that CMS works with MACs to process and audit claims by Medicare providers and suppliers for reimbursement, and denies any remaining allegations contained in paragraph 24. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Part 418 for a full and accurate statement of the law.

25.     The allegations contained in paragraph 25 constitute conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendant denies them. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Part 418 for a full and accurate statement of the law.

26.     The allegations contained in paragraph 26 constitute conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendant admits that the quoted language in sentence 3 contains an accurate excerpt from the cited authority and denies any remaining allegations contained in paragraph 26. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Part 418 for a full and accurate statement of the law.

27.     The allegations contained in paragraph 27 constitute Plaintiff's characterization of the case and conclusions of law to which no response is required. To the extent a response may be

deemed to be required, Defendant denies them. Answering further, Defendant does not contest that CGS Administrators, LLC, is the appropriate Medicare Administrative Contractor for Plaintiff. Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Part 418 for a full and accurate statement of the law.

28. The allegations contained in paragraph 28 constitute conclusions of law and characterization of the Federal Register to which no response is required. To the extent a response may be deemed to be required, Defendant admits that the quoted language in sentences 1, 3, 4, and footnote 1 of the complaint contain accurate excerpts from the cited authority and denies any remaining allegations contained in paragraph 28. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Parts 405 and 418 and the Federal Register for a full and accurate statement of the law.

29. The allegations contained in paragraph 29 constitute conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendant admits that the quoted language in sentence 1 contains an accurate excerpt from the cited authority and denies any remaining allegations contained in paragraph 29. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Part 418 for a full and accurate statement of the law.

30. The allegations contained in paragraph 30 constitute conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendant admits that 42 U.S.C. § 1395pp contains a provision limiting liability under certain conditions but denies

9

that it applies in this case. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd), 1395y, 1395pp and the associated regulations, including 42 C.F.R. Parts 411 and 418 for a full and accurate statement of the law.

31.     The allegations contained in paragraph 31 constitute conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendant admits that 42 U.S.C. § 1395gg contains a provision permitting waiver of recoupment of the overpayment under certain conditions but denies that it applies in this case. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd), 1395y, and 1395gg and the associated regulations, including 42 C.F.R. Parts 411 and 418 for a full and accurate statement of the law.

**The Medicare Claims Submission, Payment, Auditing, and Appeal Processes**

32.     The allegations contained in paragraph 32 constitute conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendant admits them. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Parts 411 and 418 for a full and accurate statement of the law.

33.     The allegations contained in paragraph 33 constitute conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendant denies, except to admit that CMS works with the MACs, ZPICs, UPICs, and SMRCs to process and audit claims by Medicare providers and suppliers for reimbursement.

34.     The allegations contained in paragraph 34 constitute conclusions of law to which

no response is required. To the extent a response may be deemed to be required, Defendant denies them. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 C.F.R. Parts 405, 411, and 418 for a full and accurate statement of the law.

35.     The allegations contained in paragraph 35 constitute conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendant admits them. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395ff, 1395x(dd) and 1395y and the associated regulations, including 42 C.F.R. Parts 405, 411, and 418 for a full and accurate statement of the law.

## FACTUAL ALLEGATIONS

36.     The allegations contained in paragraph 36 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 36 are inconsistent with the administrative record, Defendant denies them.

37.     The allegations contained in paragraph 37 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 37 are inconsistent with the administrative record, Defendant denies them.

38.     The allegations contained in paragraph 38 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 38 are inconsistent with the administrative record, Defendant denies them.

39. The allegations contained in paragraph 39 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 39 are inconsistent with the administrative record, Defendant denies them.

40. The allegations contained in paragraph 40 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 40 are inconsistent with the administrative record, Defendant denies them.

41. The allegations contained in paragraph 41 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 41 are inconsistent with the administrative record, Defendant denies them.

42. The allegations contained in paragraph 42 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 42 are inconsistent with the administrative record, Defendant denies them.

43. The allegations contained in paragraph 43 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 43 are inconsistent with the administrative record, Defendant denies them.

44. The allegations contained in paragraph 44 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 44 are

inconsistent with the administrative record, Defendant denies them.

45.     The allegations contained in paragraph 45 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 45 are inconsistent with the administrative record, Defendant denies them.

46.     The allegations contained in paragraph 46 contain a characterization of a position statement, to which no response is required. To the extent a response may be deemed to be required, the allegations contained in paragraph 46 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 46 are inconsistent with the administrative record, Defendant denies them.

47.     The allegations contained in paragraph 47 contain a characterization of a position statement and attachment, to which no response is required. To the extent a response may be deemed to be required, the allegations contained in paragraph 47 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 47 are inconsistent with the administrative record, Defendant denies them.

48.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 48, and as such, the allegations are effectively denied.

49.     The allegations contained in paragraph 49 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 49 are inconsistent with the administrative record, Defendant denies them.

13

50.     The allegations contained in paragraph 50 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 50 are inconsistent with the administrative record, Defendant denies them.

51.     The allegations contained in paragraph 51 contain a characterization of witness testimony that occurred during the administrative hearing and conclusions of law, to which no response is required. To the extent a response may be deemed to be required, the allegations contained in paragraph 51 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and the transcript of the administrative hearing is the best evidence of its contents. To the extent that the allegations contained in paragraph 51 are inconsistent with the administrative record and the transcript of the administrative hearing, Defendant denies them.

52.     The allegations contained in paragraph 52 contain a characterization of witness testimony and legal issues at the administrative hearing, to which no response is required. To the extent a response may be deemed to be required, the allegations contained in paragraph 52 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and Administrative Law Judge Jacobson's decisions following the administrative hearing in OMHA Appeal Nos. 3-14843794464 and 3-14843794472 are the best evidence of the administrative record's contents. To the extent that the allegations contained in paragraph 52 are inconsistent with the administrative record, Defendant denies them.

53.     The allegations contained in paragraph 53 contain a characterization of the action or conclusions of law, to which no response is required. To the extent a response may be deemed to be required, the allegations contained in paragraph 53 constitute a characterization of the administrative

14

record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 53 are inconsistent with the administrative record, Defendant denies them.

54. The allegations contained in paragraph 54 constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in paragraph 54 are inconsistent with the administrative record, Defendant denies them.

55. The allegations contained in paragraph 55 constitute legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendant denies them, however Defendant does not contest jurisdiction.

56. The allegations contained in paragraph 56 constitute legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendant admits them.

**COUNT I: VIOLATION OF THE MEDICARE ACT
AND ADMINISTRATIVE PROCEDURE ACT
The ALJ Applied the Incorrect Legal Standards.**

57. Defendant incorporates his responses to paragraphs 1-56 as if fully and expressly set forth herein.

58. The allegations contained in paragraph 58 constitute legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendant admits only that the quoted language in sentence 1 contains an accurate excerpt from the cited authority and denies any remaining allegations contained in paragraph 58.

59. The allegations contained in paragraph 59 constitute legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendant denies

them.

60.     Defendant denies the allegations contained in paragraph 60.

61.     Defendant denies the allegations contained in paragraph 61 and denies that Plaintiff is entitled to the relief requested.

### COUNT II: VIOLATION OF THE MEDICARE ACT AND ADMINISTRATIVE PROCEDURE ACT
**The ALJ's Decisions are not Supported by Substantial Evidence.**

62.     Defendant incorporates his responses to paragraphs 1-56 as if fully and expressly set forth herein.

63.     The allegations contained in paragraph 63 constitute legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendant denies them.

64.     Defendant denies the allegations contained in paragraph 64.

65.     Defendant denies the allegations contained in paragraph 65.

66.     Defendant denies the allegations contained in paragraph 66.

67.     Defendant denies the allegations contained in paragraph 67 and denies that Plaintiff is entitled to the relief requested.

### COUNT III: VIOLATION OF THE SOCIAL SECURITY ACT
**The ALJ Failed to Limit the Hospice's Liability as Required by Section 1879(a) and (g)(2).**

68.     Defendant incorporates his responses to paragraphs 1-56 as if fully and expressly set forth herein.

69.     Defendant denies the allegations contained in paragraph 69.

70.     The allegations contained in paragraph 70 constitute legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendant denies them.

16

71.     The allegations contained in paragraph 71 constitute conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendant admits that 42 U.S.C. § 1395pp contains a provision limiting liability under certain conditions but denies that it applies in this case. Answering further, Defendant respectfully refers the Court to relevant provisions of 42 U.S.C. Ch. 7, Subch. XVIII, Part A, including 42 U.S.C. §§ 1395x(dd), 1395y, 1395pp and the associated regulations, including 42 C.F.R. Parts 411 and 418 for a full and accurate statement of the law.

72.     Defendant denies the allegations contained in paragraph 72.

73.     Defendant denies the allegations contained in paragraph 73 and denies that Plaintiff is entitled to the relief requested.

### COUNT IV: VIOLATION OF THE SOCIAL SECURITY ACT
**The ALJ Failed to Waive the Alleged Overpayment as Required by Section 1870.**

74.     Defendant incorporates his responses to paragraphs 1-56 as if fully and expressly set forth herein.

75.     Defendant denies the allegations contained in paragraph 75.

76.     The allegations contained in paragraph 76 constitute legal conclusions to which no response is required. To the extent a response may be deemed to be required, Defendant denies them.

77.     Defendant denies the allegations contained in paragraph 77.

78.     Defendant denies the allegations contained in paragraph 78 and denies that Plaintiff is entitled to the relief requested.

### REQUEST FOR RELIEF

The remaining portion of the complaint contains Plaintiff's prayer for relief, to which no answer is required. To the extent an answer may be deemed to be required, Defendant denies that

17

Plaintiff is entitled to any of the relief it seeks, or any relief whatsoever.

79.     Defendant denies the allegations contained in paragraph 79 and denies that Plaintiff is entitled to the relief requested.

80.     Defendant denies the allegations contained in paragraph 80 and denies that Plaintiff is entitled to the relief requested.

81.     Defendant denies that Plaintiff is entitled to the relief requested in paragraph 81.

82.     Defendant denies that Plaintiff is entitled to the relief requested in paragraph 82.

83.     Defendant denies that Plaintiff is entitled to the relief requested in paragraph 83.

84.     Defendant denies that Plaintiff is entitled to the relief requested in paragraph 84.

85.     Defendant denies that Plaintiff is entitled to the relief requested in paragraph 85.

86.     Defendant denies that Plaintiff is entitled to the relief requested in paragraph 86.

**AFFIRMATIVE DEFENSES**

1.     The agency decisions at issue in this case were not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

2.     Defendant reserves the right to amend or supplement its answers and raise any affirmative defense – including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c) – that may be supported by the administrative record in the instant action.

Respectfully submitted,

TODD W. BLANCHE
Acting Attorney General

By:           /s/
Sean D. Jansen (VSB No. 82252)
Assistant United States Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510-1671
Telephone: 757-441-6331

Facsimile: 757-441-6689
Email: sean.jansen@usdoj.gov

*Counsel for Defendant*